IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHAN A. MARTINEZ | § | |
| | § | |
| VS. | § | C.A. NO. 4:13-cv-01673 |
| | § | |
| THE UNITED STATES OF AMERICA | § | **ADMIRALTY** |

**THE UNITED STATES OF AMERICA'S ORIGINAL THIRD-PARTY COMPLAINT AGAINST CSX CORPORATION, CSX INTERMODAL TERMINALS, INC., AND CSX REAL PROPERTY, INC.**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW defendant The United States of America ("United States") and files this, its Original Third-Party Complaint against CSX Corporation, CSX Intermodal Terminals, Inc., and CSX Real Property, Inc., pursuant to Rule 14 of the Federal Rules of Civil Procedure, and would respectfully show the Court as follows:

**I.   JURISDICTION AND VENUE**

1.   This matter is a case of admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333 and a maritime claim within the meaning of Rules 9(h) and 14 of the Federal Rules of Civil Procedure. Venue is proper in this district.

**II.   PARTIES**

2.   Plaintiff Johan A. Martinez ("Martinez") has appeared herein and may be served through its counsel of record, Robert A. Chaffin, The Chaffin Law Firm, P.C., 4265 San Felipe, Suite 1020, Houston, Texas 77027.

3.   Defendant the United States has appeared herein and was, at all material times, the owner and/or operator of the USNS PILILAAU. The United States may be served through

its trial counsel, James Patrick Cooney, Royston, Rayzor, Vickery and Williams, L.L.P., 711 Louisiana Street, Suite 500, Houston, Texas 77002.

4. At all material times, defendant and third-party defendant CSX Corporation was a corporation organized and existing under the laws of Virginia with a principal place of business located at 500 Water Street, Jacksonville, Florida 32202. Upon information and belief, CSX Corporation was the owner, manager, and/or operator, or was otherwise in control of the pier upon which Martinez allegedly sustained injuries as more fully described in the Original Complaint, a copy of which is attached hereto as Exhibit A.

5. At all material times, defendant and third-party defendant CSX Intermodal Terminals, Inc. was a corporation organized and existing under the laws of Delaware with a principal place of business located at 550 Water Street, Jacksonville, Florida 32202. CSX Intermodal Terminals, Inc. is registered to do business in Texas. Upon information and belief, CSX Intermodal Terminals, Inc. was the owner, manager, and/or operator, or was otherwise in control of the pier upon which Martinez allegedly sustained injuries as more fully described in the Original Complaint.

6. At all material times, defendant and third-party defendant CSX Real Property, Inc. was a corporation organized and existing under the laws of Virginia with a principal place of business located at 6737 Southpoint Drive South, Jacksonville, Florida 32216. Upon information and belief, CSX Real Property, Inc. was the owner, manager, and/or operator, or was otherwise in control of the pier upon which Martinez allegedly sustained injuries as more fully described in the Original Complaint. CSX Corporation, Inc., CSX Intermodal Terminals, Inc., and CSX Real Property, Inc. may hereinafter be collectively referred to as the "CSX Entities."

### III. FACTS

7. On June 7, 2013, Martinez filed a lawsuit against the United States seeking to recover money damages arising out of a personal injury that he allegedly suffered on June 28, 2011 when the USNS PILILAAU was berthed in Newport News, Virginia to a pier. As set forth above, upon information and belief, on or about June 28, 2011, the CSX entities were the owners, operators, managers of, or were otherwise in control of the subject pier.

8. Martinez alleges that on June 28, 2011 he descended the accommodation ladder of the USNS PILILAAU to retrieve vessel lines that were on the pier. In returning to the vessel he fell partially through a wooded section of the pier.

9. On August 19, 2013, the United States filed and served an answer to Martinez's complaint denying liability and asserting affirmative defenses. A copy of the United States' original answer is attached hereto as Exhibit B.

### IV. FIRST CAUSE OF ACTION

10. The United States repeats and re-alleges each and every allegation contained in Paragraphs 1 through 9, inclusive of this Original Third-Party Complaint, with the same force and effect as if set forth herein at length.

11. Expressly reserving and without waiving the foregoing, if Martinez is entitled to recover damages against the United States by reason of the things alleged in Martinez's complaint, which the United States denies, then, pursuant to FED. R. CIV. P. 14, Martinez should recover directly from the CSX Entities.

12. Accordingly, the United States demands judgment against the CSX Entities in favor of Martinez and demands that the CSX Entities make any defense to the claims of Martinez

in the matter provided for in FED. R. CIV. P. 12, and demand that this action proceed directly against the CSX Entities pursuant to FED. R. CIV. P. 14.

## V. SECOND CAUSE OF ACTION

13. The Unites States repeats and re-alleges each and every allegation contained in Paragraphs 1 through 12, inclusive of this Original Third-Party Complaint, with the same force and effect as if set forth herein at length.

14. If any losses or damages were sustained by Martinez as alleged in his complaint, which is specifically denied by the United States, said damage or loss was caused or contributed to by default, negligence, carelessness, and/or omission on the part of the CSX Entities.

15. Therefore, the United States would show that that the CSX Entities are or may be liable for all or part of the claims made by Martinez against the United States.

## VI. THIRD CAUSE OF ACTION

16. The United States repeats and re-alleges each and every allegation contained in Paragraphs 1 through 15, inclusive of this Original Third-Party Complaint, with the same force and effect as is set forth herein at length.

17. If Martinez suffered a loss in the manner and for the reasons alleged in Martinez's complaint, which is specifically denied by the United States, his loss was caused and brought, in whole or in part, by the negligence, carelessness, omission, breach of contract and/or breach of warranty, express or implied, of the CSX Entities.

18. Therefore, the United States would show that the CSX Entities are or may be liable for all or part of the claims made by Martinez against the United States.

## VII.     FOURTH CAUSE OF ACTION

19.     The United States repeats and re-alleges each and every allegation contained in Paragraphs 1 through 18, inclusive of this Third-Party Complaint, with the same force and effect as is set forth herein at length.

20.     If any liability shall be imposed on the United States, then the United States should be awarded full indemnity pursuant to law and/or be awarded contribution against the CSX Entities, together with interest, expenses, and costs of this action, including reasonable attorney's fees.

## PRAYER

**WHEREFORE**, defendant and third-party plaintiff The United States of America prays:

a.     that judgment be entered in favor of plaintiff Johan A. Martinez directly against third-party defendants CSX Corporation, CSX Intermodal Terminals, Inc., and CSX Real Property, Inc., pursuant to Rule 14 of the Federal Rules of Civil Procedure;

b.     that judgment be entered in favor of The United States of America on each of the causes of action set for the in this Third-Party Complaint;

c.     that judgment be entered awarding The United States of America its reasonable costs and expenses, including attorneys fees, as well as interest incurred in connection with this matter;

d.     that the Court grant such other and further relief as it deems just and proper;

e.     and that process issue against Third-Party Defendants CSX Corporation, CSX Intermodal Terminals, Inc., and CSX Real Property, Inc.

59067:30035579

Respectfully submitted,

KENNETH MAGIDSON
United States Attorney

MICHELLE T. DELEMARRE
Senior Admiralty Counsel
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 14271
Washington, D.C. 20044-4271
Telephone: (202) 616-4037

**ATTORNEYS FOR THE UNITED STATES**


By: */s/ James Patrick Cooney*
      James Patrick Cooney, Trial Attorney
      Attorney-In-Charge
      State Bar No. 04770000
      Richard A. Branca, Trial Attorney
      State Bar No. 24067177
      ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.
      Pennzoil Place
      711 Louisiana Street, Suite 500
      Houston, Texas 77002
      Telephone: (713) 224-8380
      Facsimile: (713) 225-9945

**OF COUNSEL TO THE UNITED STATES**

## **CERTIFICATE OF SERVICE**

  I hereby certify that the foregoing instrument was served on all counsel of record *via* the ECF system and facsimile on this 2nd day of December, 2013.

***VIA FACSIMILE: 713-952-5972***
Robert A. Chaffin – Lead Attorney
Paul R. Miller (Of Counsel)
THE CHAFFIN LAW FIRM, P.C.
4265 San Felipe, Suite 1020
Houston, Texas 77027
*Attorney for Plaintiff*

***VIA FACSIMILE:  212-385-0920***
Ralph J. Mellusi
TABAK MELLUSI & SHISHA
29 Broadway, Room 2311
New York, NY 10006


    By:  */s/ Richard A. Branca*
      OF ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P

59067:30035579